### Shryock's Estate.

*Wills — Executors and administrators — Commissions — Portion of net income in lieu of commissions.*

1. Where testatrix appoints her son executor and trustee of her will, and in the paragraph of her will dealing with the creation and termination of the trust provides that "in lieu of commissions . . . one-third of the net income of my estate shall be paid to my said son," the son is not entitled to commissions on the principal.

2. In such case, the court will refuse to add to the phrase "in lieu of commissions" the words "on income," so that he may claim commissions on principal.

3. Where testatrix appoints her son as executor and trustee of her estate and directs that he shall "maintain an office as heretofore, and that he shall deduct the cost of maintaining the same from the income of my estate as a necessary expense of his personal care," and "in lieu of commissions . . . one-third of the net income of my estate shall be paid" him, the son is not entitled to receive from the income of the estate the sum of $300 per month, which his mother had paid to him in her lifetime for managing her business affairs.

Exceptions to adjudication of Lamorelle, P. J. O. C. Phila. Co., Oct. T., 1925, No. 3454.

### Shryock's Estate.

By her will testatrix, Virginia S. Shryock, appointed her son, William A. Shryock, executor and also trustee.

In the paragraph of the will creating the trust she directed as follows:

"I direct that my said son William A. Shryock maintain an office as heretofore and that he shall deduct the cost of maintaining the same from the income of my estate as a necessary expense of his personal care. In lieu of commissions, I direct that one-third of the net income of my estate shall be paid to my said son William A. Shryock, and in the event of his death during the continuance of the trust, such one-third share shall be paid and divided to and among his children then living, and issue of children who may then be deceased such issue taking his, her or their parent's share."

After decedent's death, the accountant maintained and conducted an office at No. 225 South Sixth Street, Philadelphia, which had been maintained by the decedent and conducted by the accountant for the decedent in her lifetime; and at this office the accountant administered the trusts established by the will. During his mother's lifetime he received a salary from her of $300 per month.

At the audit, counsel for two minor grandchildren of the decedent objected (1) to the credits taken by the accountant for a salary of $300 per month for conducting the office; and (2) to his commissions on principal.

After argument, the Auditing Judge allowed the credits of $300 per month, taken by the accountant as a salary for conducting the decedent's office, but surcharged him with the credits taken by him for commissions on principal.

Both the accountant and the guardian of the two minor grandchildren filed exceptions to the adjudication.

*H. Gordon McCouch*, for Amy Bell Miles, guardian of the Johnstone minors.

*Fell & Spalding*, for William A. Shryock, executor.

HENDERSON, J., April 23, 1926.—Two sets of exceptions are before us: One by the executor because the Auditing Judge refused to allow him commissions on principal, and the other by the guardian of the children of a deceased daughter, objecting to an allowance to the executor and trustee of $300 per month.

The facts are set out in the adjudication. Both questions arise under the following clause in the will: "I direct that my said son William A. Shryock maintain an office as heretofore and that he shall deduct the cost of maintaining the same from the income of my estate as a necessary expense of his personal care. In lieu of commissions, I direct that one-third of the net income of my estate shall be paid to my said son William A. Shryock. . . ."

From this language it is clear that the executor and trustee was to have one-third of the net income "in lieu of commissions." His counsel argues that this provision being in a paragraph dealing with the trust should be interpreted as relating solely to commissions on income, and that he should be allowed commissions on the *corpus* as executor. We may not interpret that which is clear. The executor wants us to add to the phrase "in lieu of commissions" the words "on income," so that he may claim commissions on principal. This we decline to do in the absence of a compelling reason. The exceptions of the executor are dismissed.

Exceptions were filed to the ruling of the Auditing Judge allowing the executor a monthly salary of $300, because the decedent in her lifetime paid the expenses of an office for the management of her estate, and allowed this executor that sum for managing the same, and, hence, this monthly payment should be continued because in her will she directed that "my said son

William A. Shryock maintain an office as heretofore and that he shall deduct the cost of maintaining the same from the income of my estate as a necessary expense of his personal care." There is no objection to paying the rent of the office and salary of a clerk.

What does "maintain an office as heretofore" mean? The office would be necessary, likewise the clerk, but manifestly the agency and attorneyship of the son were at an end; in their place the testatrix substituted an executorship and trusteeship and for these offices she provided liberal compensation. No explanation is offered why the compensation for the agency should be continued when it was ended by death.

The exceptions of the minor remaindermen are sustained, the adjudication is amended accordingly, and as amended is confirmed absolutely.

LAMORELLE, P. J., did not sit.